**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

LINDA T. CARUTHERS,

Plaintiff,

v. Civil Action No. 3:13cv483-JAG

CLAUDE W. THAU, *et al.*,

Defendants.

# MEMORANDUM OPINION

This matter comes before the court on defendant Claude Thau's motion to dismiss him as a defendant. (Dk. No. 8). The plaintiff's complaint contains one count, asserting that the defendant Claude Thau ("Mr. Thau") and his corporation, Thau, Inc., committed malpractice by breaching a professional duty to the plaintiff. The defendants do not contest that Thau, Inc., is a proper defendant.

Because the plaintiff ("Ms. Caruthers") alleges facts sufficient to state a plausible claim of professional malpractice against Mr. Thau in his *individual* capacity, the Court DENIES the Motion to Dismiss.

## I. MATERIAL FACTS

Ms. Caruthers engaged Mr. Thau to render expert opinions in writing and oral testimony as an expert witness in a lawsuit pending in state court. The state action concerned Ms. Caruthers' right to additional compensation from a long-term care insurance company. As the plaintiff in the lawsuit, she engaged Mr. Thau to provide expert witness testimony as to:

> (1) what the typical compensation is for someone such as Ms. Caruthers who arranges or helps to arrange access to a large member association for an insurance entity when the insurance entity is able to sell and/or service long-term care insurance to the large member association in whole or in part because of such

access; and (2) what would a person such as Ms. Caruthers do in providing such access to the insurance entity in order to earn and be entitled to such typical compensation.

Their agreement provided that Mr. Thau would receive compensation of $400.00 per hour for his time, plus reasonable expenses incurred.

Mr. Thau works as a long–term care insurance consultant with extensive experience and expertise in his field. He holds himself out to the public as an expert and expert witness in the subject area of long-term care insurance, willing to testify in litigation at depositions and at trial. Mr. Thau serves as the President of Thau, Inc., a Kansas "S" corporation. At the time Ms. Caruthers hired him, Mr. Thau was the sole employee of Thau, Inc.. He remains so.

Mr. Thau told Ms. Caruthers and repeated in his deposition testimony that he possessed the qualifications to provide expert opinions, and that he felt ready, willing, and able to do so. Mr. Thau based his expert opinions in part on facts which he allegedly considered confidential. Specifically, this included the identity of certain entities on which he based his opinion regarding the typical compensation due to a person such as Ms. Caruthers.

To address Mr. Thau's concerns about confidentiality, the state court entered a protective order to allow Mr. Thau to produce confidential information under seal. Despite the guarantee of protection, Mr. Thau refused to produce the allegedly confidential information. The defendant in the lawsuit moved to compel production of the information, and the state court ordered its production. Mr. Thau refused to comply with the state court's order, leading the judge to exclude his testimony.

Accordingly, Ms. Caruthers lost her expert testimony on the eve of trial, forcing her to settle her lawsuit for what she claims constituted a small fraction of its worth. As a result, Ms. Caruthers alleges that she sustained injury and loss including but not limited to (a) the fees she

paid the defendant for his worthless professional services, and (b) the loss of the sum of money that she would have received from a verdict or a settlement in the lawsuit, plus interest.

In the current case, she sues Mr. Thau to recover her losses. Mr. Thau has moved for dismissal of the complaint as to Mr. Thau in his individual capacity, arguing that only his corporation can be held liable. Mr. Thau attached the Engagement Letter between Ms. Caruthers and Mr. Thau as Exhibit A to that Motion. Ms. Caruthers objects to the attachment of Exhibit A.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

## III. DISCUSSION

Ms. Caruthers' complaint alleges that: she retained Mr. Thau *personally* to perform services as an expert witness; that Mr. Thau assumed a personal duty to provide such services;

and that he breached that duty by refusing to comply with the state court's production order. Ms. Caruther's objections to Mr. Thau's submission of the parties' Engagement Letter are unavailing; that letter, as a document "integral to the complaint," qualifies as an exception to the general rule barring the Court's consideration of documents or evidence outside the face of the complaint. Despite this, the Engagement Letter actually serves to further buttress the plausibility of Ms. Caruthers' complaint by providing concrete evidence of the parties' professional relationship, a necessary element to the claim. Because Ms. Caruthers alleges facts sufficient to support her claim of professional malpractice against Mr. Thau in his individual capacity, the Court denies the Motion to Dismiss.

***A. The Attachment of the Engagement Letter***

When confronted with a Rule 12(b)(6) motion, "the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 558 (4th Cir. 2013). Here, Mr. Thau asks this Court to grant an exception to this rule by attaching to his motion "Exhibit A," the Engagement Letter between Ms. Caruthers and Mr. Thau.

Under ordinary circumstances, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), citing *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011). The Fourth Circuit, however, recognizes an exception to this rule, in that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed Ins. Co.*, 164 Fed. App'x 395, 396 (4th Cir. 2006). Additional factual material seen as "integral to and explicitly relied on in the complaint" merits the

application of the exception. *Phillips v. LCI International, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Belrose v. Hartford Life & Accident Ins. Co.*, 478 Fed. App'x 21, 22 n.1 (4th Cir. 2012); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

Exhibit A to the defendant's Motion to Dismiss falls within this exception. The case raises two central issues: whether Mr. Thau owed Ms. Caruthers a duty attendant to their professional relationship of expert witness and client, and whether Mr. Thau's subsequent actions (or more accurately, inaction) constituted a breach of that duty. While Ms. Caruthers' First Amended Complaint does not expressly refer to the Engagement Letter, the Court may consider that document here because it establishes and outlines the parties' contractual relationship, a matter "central to [Ms. Caruthers'] claim." In Virginia, the existence of a contractual relationship, with its attendant duty of due care, stands as a necessary prerequisite to a malpractice action. *See Shipman v. Kruck*, 267 Va. 495, 501 (2004) ("although legal malpractice actions sound in tort, it is the contract that gives rise to the duty."); *Oleyar v. Kerr*, 217 Va. 88, 90 (1976) (contractually implied duties of due care and fiduciary responsibility employ tort concepts, but "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action in contract."). "[B]ut for the contract," the parties' duties – and the basis for a malpractice claim – would not exist. *O'Connell v. Bean*, 263 Va. 176, 180 (2002).

The Engagement Letter constitutes prima facie evidence of the parties' professional-client relationship. Without that contract, Mr. Thau would owe no duty to Ms. Caruthers, and her malpractice claim against him would necessarily fail. Exhibit A is integral to the nature of

Ms. Caruthers' complaint, and neither party disputes its authenticity. The Court may consider the Engagement Letter at this stage.

***B. The Merits of the Rule 12(b)(6) Motion***

Returning to the merits of the motion, "[a] Rule 12(b)(6) motion to dismiss 'should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.'" *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841, quoting *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering the motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs*, 7 F.3d at 1134. The complaint successfully states a claim of professional malpractice.

*i. The Engagement Letter*

The Court considers the Engagement Letter in the light most favorable to the plaintiff. Ms. Caruthers alleges that she personally retained Mr. Thau for his professional services. Reading the plain language of the Engagement Letter in the light most favorable to the plaintiff provides ample support for Ms. Caruthers' claim. The Engagement Letter "is an agreement for personal professional services," and with his signature, Mr. Thau thereby agreed to "provide all services under [the] agreement personally." (Dk. No. 8, Attachment #1). The contract's wording plausibly supports Ms. Caruther's contention that the employment relationship in question concerned Mr. Thau *personally*; the reference to Mr. Thau as "President of Thau, Inc.," does not preclude Ms. Caruther's assertion.

Mr. Thau's suggestion that only his S corporation can be liable is without merit. In Virginia, professional liability cases are usually brought against the individual providing the services, and sometimes against the individual's corporate employer. *See Holley v. Pambianco*,

270 Va. 180, 182 (2005). The typical dispute over corporate liability involves questions of whether the professional had an agency relationship with the employing corporation. *See, e.g. Hadeed v. Medic-24, Ltd.*, 237 Va. 277, 288 (1989); *Schwartz v. Brownlee*, 253 Va. 159, 163 (1997). The victim of malpractice normally pays a corporation, LLC, or partnership for professional services, and, in that sense, has a contract with the artificial entity. Nevertheless, the individual professional also clearly owes a duty to the client or patient. Mr. Thau's effort to escape liability by pointing to his S corporation, which is simply a conduit for payments to him, fails.

In sum, Ms. Caruthers' complaint alleges that she engaged Mr. Thau as an expert witness, that he owed her a duty as a professional, and that he breached his duty when he violated the applicable standard of care. The assertions in Ms. Caruthers' complaint – ironically, bolstered by the defendant's proffer of the Engagement Letter – suffice to state a plausible claim for professional malpractice. The complaint alleges facts sufficient to show the existence of a contractual relationship between Ms. Caruthers and Mr. Thau in his personal capacity, a breach of Mr. Thau's attendant professional duty, and subsequent damages to Ms. Caruthers. The Court will not dismiss Mr. Thau as a defendant.

*ii. The Alter Ego Relationship*

Ms. Caruthers' allegation that Mr. Thau and Thau, Inc. exist as alter egos constitutes a factual allegation not central to the cause of action. When viewed in the light most favorable to the plaintiff, the facts establish the elements of a cause of action against Mr. Thau, in his personal capacity, for professional malpractice. This court must accept the plaintiff's factual allegations as true at this stage. The question of whether an alter ego relationship exists – or whether the possible existence of such a relationship is even necessary or relevant to the

plaintiff's underlying claim – may arise at a later point in the parties' litigation, but it does not support Mr. Thau's motion to dismiss. Unlike his prior efforts ostensibly on behalf of Ms. Caruthers, this time Mr. Thau will need to come to court to defend the case.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES the defendant's motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: November 14, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge